IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANTON L. THOMPSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:18-cv-00502 |
| | ) | Judge Trauger |
| STATE OF TENNESSEE DISTRICT ATTORNEY GENERAL'S OFFICE, et al., | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff, Anton L. Thompson, is a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee. He has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2). The case is before the court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 7) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an

initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Davidson County Sheriff's Office to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**II.     Initial Review of the Complaint**

    **A.     PLRA Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. Section 1983 Standard

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused

3

by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

C. **Allegations and Claims of the Complaint**

The plaintiff sues the District Attorney General's Office and District Attorney General Glenn Funk, claiming that his prosecution and pretrial incarceration for attempted first-degree murder is based on fabricated evidence, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.[1] (Doc. No. 1 at 5, 7.) He alleges that, beginning when he was charged with this crime on May 3, 2015, the defendants have been using false information to prosecute him because they lack physical evidence that the victim was strangled. (*Id.*) The plaintiff alleges that no neck injuries were documented in the police report on the incident. (*Id.*) The police report, prepared by Officer William Fox, documented that the victim had only face and head injuries. (*Id.* at 9, 14; Doc. No. 4 at 2.) The plaintiff complains that the excessive cost of a bail bond has kept him unlawfully incarcerated "for over 3 years due to fabricated evidence being used against him on the public record." (Doc. No. 1 at 5.) He seeks compensatory damages for his emotional injuries and punitive damages against each defendant, as well as the dismissal of the criminal case against him. (*Id.* at 5–6.)

D. **Analysis**

Plaintiff sues the District Attorney General's Office, as well as District Attorney General Funk in his official and individual capacities. (Doc. No. 1 at 2.) Because a claim against a

---

[1] As a pretrial detainee, the plaintiff is protected by the Fourteenth Amendment's Due Process Clause from conduct that the Eighth Amendment would prohibit as against "individuals who have been tried, convicted, and sentenced." *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016). The Sixth Circuit "has made clear that, under the Fourteenth Amendment, pretrial detainees are 'entitled to the same Eighth Amendment rights as other inmates.'" *Id.* (quoting *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994)).

government official in his official capacity is equivalent to a suit against the official's office, the official-capacity claim against Funk is merged with the claim against his office. *Foster v. Patrick*, No. 1:12-cv-179, 2014 WL 11515693, at *9 (E.D. Tenn. Oct. 8, 2014), *aff'd*, 806 F.3d 883 (6th Cir. 2015). While the complaint against these defendants appears to allege claims that accrued in 2015, this action, even if timely filed, is subject to dismissal for failure to state a claim upon which relief can be granted.

District Attorneys General and their assistants prosecute suits on behalf of the State of Tennessee, receive salaries payable out of the state treasury, and therefore are employees of the State of Tennessee. *White by Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (citing Tenn. Code Ann. §§ 8-7-103, -105, -221). A suit for damages against a state employee in his official capacity is a suit against the employing state agency, which is no different than a suit against the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky*, 473 U.S. 159; *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984). Furthermore, for purposes of a claim for damages, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. Any official-capacity claim for damages against defendant Funk is therefore barred by the Eleventh Amendment and outside the purview of § 1983.

In addition to damages, the plaintiff seeks injunctive relief "requiring that defendant Glenn Funk, District Attorney General dismiss th[e] case" against him. (Doc. No. 1 at 9.) The Supreme Court has recognized that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10 (citation and internal quotation

marks omitted). The Eleventh Amendment is therefore not an obstacle to the plaintiff's claim for injunctive relief.

However, it is clear that a federal court should not interfere with pending state court criminal proceedings, but must abstain from enjoining such proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). All three factors are present in this case, as the plaintiff alleges that state criminal proceedings against him are still pending; such proceedings undoubtedly implicate important state interests; and the state courts would presumably hear his federal constitutional claims. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Although there is a narrow exception to this rule of abstention in cases of "proven" harassment, bad faith, or other extraordinary circumstances involving irreparable injury, *Perez v. Ledesma*, 401 U.S. 82, 85 (1971), the police report attached to the plaintiff's complaint (Doc. No. 1 at 14) falls far short of meeting this standard. The plaintiff therefore fails to state an actionable claim for the injunctive relief he seeks.

As for the plaintiff's claim against defendant Funk in his individual capacity, state prosecutors enjoy absolute immunity from suit under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). The plaintiff does not allege that defendant Funk acted outside the scope of his official duties in proceeding against him. At best, he alleges that Funk has performed his prosecutorial function in a malicious or wrongful way by continuing to

prosecute the case against the plaintiff despite knowing that the physical evidence does not support the attempted first-degree murder charge.

However, the immunity afforded to prosecutors is not defeated by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28. In particular, "the Sixth Circuit has held that a prosecutor is absolutely immune from a lawsuit based upon the professional evaluation of evidence," and even the "knowing presentation of false testimony at trial[.]" *Chase v. Funk*, No. 3:16-cv-01579, 2016 WL 7180150, at *3 (M.D. Tenn. Dec. 9, 2016) (citing *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997) and *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003)). Accordingly, the plaintiff's individual-capacity claim against defendant Funk is barred by prosecutorial immunity and must be dismissed.

### III. Conclusion

In light of the foregoing, the plaintiff's application for leave to proceed IFP (Doc. No. 2) is **GRANTED**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief can be granted.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

7